**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| CHARLES STEMEN,<br>        Plaintiff,<br><br>        v.<br><br>ALEXANDER CHETCHIKOV AND<br>JOHN DOES 1-5,<br>        Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: |

**COMPLAINT AND JURY DEMAND**

The plaintiff Charles Stemen ("Plaintiff"), by its undersigned attorney, R. Terry Parker, Esq., for his Complaint against the defendants Alexander Chetchikov ("Defendant") and John Does 1-5 ("Doe Defendants" and together with Defendant, collectively, "Defendants"), alleges as follows:

**SUBSTANCE OF THE ACTION**

1.      This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501.  Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

**PARTIES**

2.      Plaintiff is a professional photographer living and working in Bozeman, Montana.

3.      Upon information and belief, Defendant is an individual operating a business known as Luxury Lifestyle Awards domestic business corporation that does not appear to be

1

registered in New York but is headquartered and doing business at One World Trade Center, 285 Fulton Street, Suite 8500, New York, New York 10007.

4.      Upon information and belief, Doe Defendants are legal entities and persons involved with the Luxury Lifestyle Awards business and the infringement at issue in this case, either as owners, officers, employees, or contestants.

## JURISDICTION AND VENUE

5.      This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

6.      Personal jurisdiction over Defendants is proper. Defendants are conducting business in this judicial district and committing torts in this state, including without limitation Defendants' copyright infringement, which causes harm in this state and judicial district.

7.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.    **Plaintiff's Business**

8.      Plaintiff is professional photographer and designer specializing in architectural photography, adventure photography, illustration, and web/user experience design.

9.      Plaintiff is the sole author of the following  four photographs featuring luxury vehicles in the extremely luxurious Yellowstone Club in Montana, herein after the "Copyrighted Works:"









10.    Plaintiff has obtained a certificate of registration from the United States Copyright Office, Reg. No. VA 2-426-260 for the copyrights in and to the Copyrighted Works.

11.    The Copyrighted Works are original works of authorship.

12.    Plaintiff is the sole owner of the copyrights in and to the Copyrighted Works.

13.    Plaintiff has licensed his Copyrighted Works for professional applications such as advertising.

**B.    Defendant's Unlawful Activities**

14.    Defendant is the CEO and founder of the business Luxury Lifestyle Awards, which is an international recognition initiative that identifies, evaluates, and honors premium goods and services.  Upon information and belief, Defendant through business activities he controls assesses thousands of products and services from various categories like hospitality, luxury real estate, architecture, design, and fine dining.  Upon information and belief, Defendant's business operates essentially as a specialized digital PR agency, connecting its award winners with a vast promotional network of global media partners and influencers.

15.    Defendant makes money primarily through a "freemium" business model, meaning that, while they nominate a brand and evaluate it at no charge, completely free, they generate substantial revenue once a company is selected as a winner, charging for services after

4

the award.  The contest is bait to reel companies into their lucrative digital PR services.   For example, they charge winners for tailored advertising campaigns, publishing dedicated articles and interview on their platform, paid promotions across their official social media networks, and distribution of the brand's PR materials to their network of media partners.

16.    Defendant's website is located at the URL https://luxurylifestyleawards.com/ ("Defendant's Website") and is absolutely critical to Defendant's business model.  Because Luxury Lifestyle Awards business has shifted away from expensive physical galas toward a highly digitized framework, Defendant's Website acts as their primary engine for both customer acquisition and revenue generation.

17.    Plaintiff has learned of Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Works at Defendant's Website.  Specifically, Plaintiff discovered the Copyrighted Works being reproduced, distributed, publicly displayed, and used the creation of unlawful derivative work, without Plaintiff's authorization, copies of the screenshot of which are depicted here and are referred to herein as the "Infringing Works:"



5







18.     Upon information and belief, Defendant has control over, operates, and benefits

from, Defendant's Website, and has done so at all relevant times.

19.     Defendant is thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Works.

20.     Defendant's reproduction, distribution, derivation, and public display of the Copyrighted Works are without Plaintiff's authorization and have harmed the market for the Copyrighted Works, depriving Plaintiff's ability to earn licensing fees for Defendant's use.

21.     Defendant's unauthorized reproduction, distribution, derivation, and public display of the Copyrighted Works was knowing and willful in that Defendant has acted in reckless disregard of Plaintiff's copyrights.

22.     Defendant's unauthorized reproduction, distribution, derivation, and public display of the Copyrighted Works was knowing and willful in that Defendant is a sophisticated company engaged in the publishing and media business and familiar with copyright laws and knew or should have known of the need to obtain a license for its use of the Copyrighted Work, but chose to use the Copyrighted Works without authorization.

23.     In addition, Defendant's unauthorized reproduction, distribution, derivation, and public display of the Copyrighted Works was knowing and willful in that Defendant even claims to own the copyrights of the Infringing Work by listing the designation "© Copyright 2009-2026," on Defendant's Website.

**FIRST CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq*.)**

24.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

25.     The Copyrighted Works are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

26.     As author, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Works to bring suit.

27.     Upon information and belief, as a result of Plaintiff's licensing and public display of the Copyrighted Works to others, Defendant had access to the Copyrighted Works prior to the creation of the Infringing Works.

28.     By his actions, as alleged above, Defendant has infringed Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in the creation of an unlawful derivative works, and publicly displaying the Copyrighted Works at the infringing website.

29.     Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

30.     As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Works, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial pursuant to 17 U.S.C. § 504(b).

31.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from the infringement of the Copyrighted Works, which amounts will be proven at trial.

32.     In the alternative, and at Plaintiff's election, to the extent allowed by 17 U.S.C. § 412, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, use in derivative work(s), or public display of the Copyrighted Works, or such other amounts as may be proper under 17 U.S.C. § 504(c).

8

33. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

34. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

35. In the event one of the Defendants contends that the infringing conduct described above was done by the another, Defendants had either actual or constructive knowledge of the above-described infringements and either induced, caused, or materially contributed to the infringing conduct described above.

36. Defendants materially contributed to some or all of the infringements at issue in this litigation by providing the technology necessary for the infringement to occur.

37. By their actions, as alleged above, Defendants' foregoing acts of contributory infringement violate Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

38. Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyright are willful and deliberate and Defendants profited at the expense of Plaintiff.

39. As a direct and proximate result of Defendants' contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Works, Plaintiff is entitled to recover its actual damages resulting from Defendants' uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

9

40. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

41. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Works, or such other amounts as may be proper under 17 U.S.C. § 504(c).

42. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

43. Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement against All Defendants)

44. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

45. As an alternative theory to its infringement claims above, to the extent some Defendants contend they did not directly or contributorily infringe Plaintiff's copyrights, and such direct and contributory infringement was caused by another, Defendants benefited from or stood to benefit from the direct infringement described above while declining to exercise an ability to stop it.

46. Through contractual arrangements with the direct infringer, Defendants had the right or ability to control the direct infringement as described above.

47.     Defendants had the right and ability to cause the infringing copies of the Copyrighted Works to be removed from one or more of the infringing website identified above and cease the sales of the infringing products.

48.     Defendants had the right and ability to cease the unlawful distribution of infringing copies of some or all of the Copyrighted Works.

49.     Defendants had the right and ability to cease the unlawful public display of the Copyrighted Works.

50.     Defendants had a financial interest in the reproduction, distribution, and public display of infringing copies of some or all of the Copyrighted Works and Defendants benefitted from or stood to benefit from the direct infringement by earning revenues from advertising at the websites where some or all of the Copyrighted Works.

51.     As a direct and proximate result of Defendants' vicarious infringement.

52.     Plaintiff's copyrights in some or all of the Copyrighted Works, Plaintiff is entitled to recover its actual damages resulting from Defendants' uses of some or all of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

53.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of some or all of the Copyrighted Works, which amounts will be proven at trial.

54.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per work with respect to the vicarious infringement of the Copyrighted Works by Defendants, or such other amounts as may be proper under 17 U.S.C. § 504(c).

11

55. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

56. Defendants' vicarious infringement has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiffs exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Works, or any portion or derivation of the Copyrighted Works;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement pursuant to the Copyright Act;

6.      Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505 for each instance of copyright infringement;

7.      Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8.      Permanently enjoining Defendant, his employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 11, 2026

Respectfully submitted,

/s/ *R. Terry Parker*
R. Terry Parker, Esquire
Law Office of R. Terry Parker
43 West 43rd Street, Suite 275
New York, New York 10036
Telephone: (212) 859-5068
Email: terry@rterryparkerlaw.com

*Attorney for Plaintiff*